IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-02139-RPM

LENOX MACLAREN SURGICAL CORPORATION

  Plaintiff,
v.

MEDTRONIC, INCORPORATED, a Minnesota corporation;
MEDTRONIC SOFAMOR DANEK, INCORPORATED, an Indiana corporation;
MEDTRONIC PS MEDICAL, INCORPORATED, d/b/a
MEDTRONIC NEUROLOGIC TECHNOLOGIES, a California corporation; and
MEDTRONIC SOFAMOR DANEK CO., LTD.,

  Defendants.

## ORDER DENYING DEFENDANTS' MOTIONS

Lenox MacLaren Surgical Corporation ("Lenox") sued Medtronic Sofamor Danek USA ("MSD USA"), a Tennessee corporation, in Civil Action No. 07-cv-02054-MSK-KMT, alleging patent infringement, violation of the Colorado Consumer Protection Act, and business disparagement/trade libel.  In that action, the court granted the defendant's motion to stay and to compel arbitration pursuant to an arbitration clause contained in an Exclusive Supply and License Agreement ("License Agreement") between Lenox and MSD USA dated April 15, 2000, which covered any dispute arising out of or relating to the agreement.  The parties agreed to arbitrate the entire dispute, and in the demand statement Lenox claimed that MSD USA breached contractual obligations under the License Agreement and that breach of the License Agreement would negate the license thereby giving rise to patent infringement.  Lenox also claimed

intentional interference with contract; fraudulent inducement to contract; fraudulent misrepresentation and concealment; intentional interference with prospective economic relations; violations of the Colorado Consumer Protection Act; business disparagement/trade libel; fraud, and unfair competition.

The dispute was heard by a three member arbitration panel which issued a Final Order and Award of Arbitrators, dated March 11, 2010.  The Arbitrators found that the License Agreement was not violated by MSD USA's loaner program because it had the right to make all marketing decisions during the one year of exclusivity.  It also had the right to name the product the "Sofamor Danek Bone Fragmenter" in marketing the product by loaning the devices for use in more than 2800 surgical procedures.

Lenox claimed that MSD USA also breached the License Agreement by producing and selling the "Midas Rex" bone mill as a competing product contrary to the exclusivity provision.  The Arbitrators rejected that claim by determining that the Midas Rex was not "generally similar in design."

Lenox did prevail on its claim of intentional interference with prospective business relations by the issuance of a voluntary recall of the Lenox product in October, 2006, to clear it out of the marketplace and replace it with the Midas Rex.  The Arbitrators found that Ron Moore, a sales executive for Medtronic Neurologic Technologies, an affiliate of MSD USA, urged its sales force to call on the domestic customers immediately after the recall as persuasive evidence of an intent to interfere with the business of Lenox by clearing the Lenox bone mills out of the market and found that the recall was wrongful. They said that the recall decision was made at an executive level without specifying the

entity.  They found that the Midas Rex bone mills had been produced and sold by an affiliate Medtronic company.

To remedy the tortious interference, the Arbitrators awarded Lenox $246,000 in damages based on the profits to "Medtronics" from the sales of the Midas Rex mills to "former Lenox bone mill owners [sic]."  Although the Arbitrators did not identify the company making the sales, counsel has represented that the sales were made by Medtronics PS Medical, Incorporated.  The award with interest has been paid.

On September 1, 2010, Lenox filed this action for monopolization and attempted monopolization of the "Surgical Bone Mill" market in violation of the Sherman Antitrust Act, 15 U.S.C. § 2.  The named defendants do not include MSD USA.

The named defendants are separate entities within a corporate complex. Medtronic, Inc., a Minnesota corporation, is the overall owner of the various entities with its executive office in Minneapolis, Minnesota.  Its subsidiary, Medtronic Sofamor Danek, Inc., an Indiana corporation, has its office in Memphis, Tennessee.  MSD USA is a wholly owned subsidiary of Medtronic Sofamor Danek, Inc. and is its operating entity with its office in Memphis.  Medtronic PS Medical, Inc. ("PS Medical") is a California corporation with its office in Minneapolis and is wholly owned by Medtronic, Inc. Medtronic Sofamor Danek Co., Ltd. ("MSD Japan") is organized under the laws of Japan with its principal place of business in Osaka, Japan.  It marketed Lenox bone mills in Japan and reported the product failures that gave rise to the voluntary recall in the United States.  PS Medical is the company that manufactured and marketed the Midas Rex bone mill.

The named defendants filed a motion to stay this lawsuit and to compel arbitration under the arbitration provision in the Agreement. MSD USA moved to intervene as an additional party defendant under Fed.R.Civ.P. 24. Although these motions are related, they are not interdependent. Granting the motion to intervene would be adding support to the motion to compel arbitration because the broad arbitration clause in the License Agreement includes all disputes between MSD USA and Lenox arising out of or relating to the License Agreement which would include a claim that MSD USA violated the Sherman Act. It and the named defendants contend that the complaint alleges that MSD USA engaged in concerted conduct with the other Medtronic entities to create the demand for a bone mill product by its loaning market strategy and initiating the recall by claiming defective products in Japan and replacing the Lenox mills with the Midas Rex products.

The simple answer to this motion to intervene is that the Arbitration Award precludes any liability of MSD USA in this action, as the named defendants argued in their motion to dismiss under Rule 12(b)(6). Because of claim preclusion, MSD USA has no interest to be protected by participation in this action. That defense is not available to the named defendants. Accordingly the motion to intervene is denied.

The named defendants seek to enforce the arbitration clause in the License Agreement in their motion to stay and compel arbitration. There is authority supporting enforcement by a non-party under circumstances where state law would permit the movant to enforce the contract. *Arthur Anderson LLP v. Carlisle,* 129 S.Ct. 1896 (2009).

The reciprocal obligations of Lenox and MSD USA to sell and purchase the Lenox bone mills to a minimum of 500 ended after 12 months.  MSD USA made no additional purchases in the remaining 4 years of the term of the License Agreement which expired on April 15, 2005.  There is nothing in the License Agreement indicating any intent to benefit any entity other than MSD USA, excepting that it had the right to "assign the Agreement to Medtronic, Inc., or to any entity in which Medtronic, Inc., has a direct or indirect ownership of at least fifty percent" under Section 13.3.  There was no assignment.

The recall was in October, 2006, and all of the conduct giving rise to the complaint in this case occurred after that time, excepting, of course, for the placement of the Lenox mills under the trade name Sofamor Danek Bone Fragmenter with those "customers" to whom the Midas Rex would be marketed.  The License Agreement therefore relates to the antitrust claims only to the extent that the acquisition of the Lenox bone mills provided the opportunity to develop a market which Medtronic PS Medical exploited with the sale of the Midas Rex mills.  As to the defendants in this case the antitrust claims cannot be said to arise out of or relate to the License Agreement.

The moving defendants are unable to point to any provision of the License Agreement that they could enforce against Lenox as a third party beneficiary or otherwise.  Indeed, Lenox had no enforceable obligation to MSD USA after April, 2001, other than warranty indemnification and the arbitration clause all of which continued after expiration.  To permit the defendants to shield themselves from trial by invoking the arbitration provision in the License Agreement would deny the plaintiff a fair opportunity to present its claims to a jury.

Upon the foregoing, it is

ORDERED that the motion to intervene by Medtronic Sofamor Danek USA, Inc., and the defendants' motion to stay and compel arbitration are denied.

Dated: May 5th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge