UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 10-CV-02139-RPM

LENOX MACLAREN SURGICAL CORPORATION,
a Colorado corporation,

      Plaintiff,

v.

MEDTRONIC, INCORPORATED,
a Minnesota corporation;
MEDTRONIC SOFAMOR DANEK, INCORPORATED,
an Indiana corporation;
MEDTRONIC PS MEDICAL, INCORPORATED,
d/b/a MEDTRONIC NEUROLOGIC TECHNOLOGIES,
a California corporation; and
MEDTRONIC SOFAMOR DANEK CO., LTD.,
a Japanese corporation.

      Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court HEREBY

ORDERS AS FOLLOWS,

## I.   CLASSIFICATION OF INFORMATION

1.  Any party to this action, and any non-party from whom discovery is sought in connection

with this action, may designate any documents, testimony or other discovery material as

*"Confidential" or "Confidential – Attorneys' Eyes Only."*

2.  "Confidential" information means information that the designating party reasonably and

in good faith believes constitutes, contains, or comprises trade secrets or other confidential

research, development, commercial or financial information or documents.

3. "Confidential-Attorneys' Eyes Only" information means documents or things that relate to any (1) current research and development, (2) future or pipeline products, (3) unpublished pending patent prosecution (including applications); and/or (4) highly sensitive financial information and marketing plans and forecasts.

4. Material designated as Confidential or Confidential - Attorneys' Eyes Only pursuant to this Order shall refer to any so designated document, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such material.

5. As used herein, "Designated Information" shall mean materials that are designated as Confidential or Confidential - Attorneys' Eyes Only.

## II.   PRODUCING AND DESIGNATING INFORMATION

6. All documents and things produced by any party shall be numbered using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations, followed by identifying sequential numbers. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.

7. The marking "Confidential" or "Confidential-Attorneys' Eyes Only" shall be prominently placed on the outside of the front page/cover of each document, including deposition transcripts, and on each confidential page of a multi-page document. The marking shall be placed so as to not obscure any information on the document. This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original that cannot be readily copied. In the event it is impractical or infeasible to mark an affected document or thing, the designating party shall provide separate written notice.

2

8. Until seven days after receipt, the receiving party shall treat all documents and things received from a producing party as being Confidential, as defined herein, regardless of how such documents or things are marked. After that seven day period, documents and things shall be treated in accordance with how they are actually designated, if at all, under the above paragraphs.

## A. Production for Inspection

9. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked Confidential - Attorneys' Eyes Only. After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

## B. Depositions

10. Testimony given at a deposition and the resulting transcript and each exhibit thereto may be designated as Confidential or Confidential - Attorneys' Eyes Only by an appropriate statement at the time of the giving of such testimony or by notifying all other parties in writing within thirty days of receiving the transcript and exhibits.

## C. Redactions

11. Any producing party may redact material from documents and things it produces if the producing party claims the redacted material is subject to the attorney-client privilege, work product immunity, or other privilege or immunity. The producing party shall mark each document or thing where privileged matter has been redacted with a legend stating "Redacted" or a comparable descriptive notice. The producing party shall preserve an unredacted version of

each document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work product immunity, or other privilege or immunity.

## III.   LIMITATIONS ON USING AND DISCLOSING INFORMATION

### A. Limitations on Use and Disclosure

12. All Designated Information produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting litigation of the above captioned matter, including any appeal therefrom, and not for any other business, commercial, or other purpose whatsoever, including in other litigation. As an example only, such information shall not be used by a recipient for any commercial purpose, for filing, prosecuting, or opposing any patent application (of any type) or a similar request for protection, for a patent reissue or reexamination request or for developing a product.

13. Until or unless the Court rules otherwise, Designated Information shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except,

> a. Counsel for the respective parties, including their clerical, litigation support and paralegal employees, and including third-party litigation support personnel (for example, copy services, visual aid providers, or jury consultants) who are assisting Counsel. As used herein, "Counsel" shall mean attorneys of Long + Page LLP, Kojima Law Offices, Akin Gump Strauss Hauer & Feld LLP, and Holland and Hart LLP. For avoidance of doubt, Counsel does not include anyone who is an employee, officer or director of a party or has a permanent physical office in the facilities of a party. Any outside attorney or law firm other than

4

those indicated above may be added to this Protective Order as counsel of record for a party upon ten days advance written notice to all other parties, but shall not be added to the Protective Order nor entitled to access to any Designated Information should any other party object in writing to the designation of counsel during such ten day period; any such objection shall be resolved by the Court if not resolved among the parties.

b.  Employees, officers, or directors of each party, provided that these persons have signed the attached Exhibit A to be bound by the Protective Order.

 i.  Notwithstanding the foregoing, the persons identified in accordance with paragraph 13(b) shall not have access to view or search any document database storing documents produced by the opposing party or any non-party in this action.

 ii.  The producing party may identify documents or things that relate to any (1) current research and development, (2) future or pipeline products, (3) unpublished pending patent prosecution (including applications); and/or (4) highly sensitive financial information and marketing plans and forecasts by affixing the legend "Confidential - Attorneys' Eyes Only." Except for Chad Hanson, in-house counsel for Medtronic, the persons identified in accordance with paragraph 13(b) may not receive, review, or otherwise be given custody of any documents or things designated Confidential - Attorneys' Eyes Only and outside counsel and others bound by this Protective Order are prohibited from transmitting, providing, or showing this information to said or other persons.

c. Consultants and experts for each of the parties specifically engaged by counsel or the parties to assist in this litigation, who are not potential fact witnesses in this action, and all necessary clerical and support personnel who assist such experts or consultants. Before reviewing another party's Designated Information any such consultant/expert must sign an undertaking in the form of the attached Exhibit A;

d. Jury consultants and others engaged by them for purposes of this litigation, provided that they sign an undertaking in the form of the attached Exhibit A before reviewing another party's Designated Information;

e. The Court and its officers, court stenographers, other persons designated by the Court, and outside copy services whose function requires them to have access to Designated Information under this Protective Order;

f. Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers;

g. Authors, signatories, addressees, and recipients of particular Designated Information solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed;

h. Persons (and their counsel) whom Plaintiff or Defendants believe, in good faith, to have had prior access to the Designated Information or who were participants in a communication that is the subject of the Designated Information, but only for the limited purpose of determining whether such person did in fact have prior access to such Designated Information or whether such person was a participant in a communication that is the subject of such Designated Information; provided

that, unless and until the persons or their counsel confirms that the persons had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the persons' access or participation; and

    i.  Other persons by written agreement of the parties.

## B. Filing Under Seal and Use at Hearings or Trial

14. The parties acknowledge that Designated Information may be filed in this action, and before any information and/or materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as Confidential or Confidential - Attorneys' Eyes Only are filed with the Court for any purpose, the party seeking to file such information and/or material shall seek the permission of the Court to file said material under seal and shall follow the requirements of D.C.COLO.LCivR 7.2 and the most recent version of the District of Colorado ECF Procedures by filing a motion to restrict access. The introduction of any Designated Information into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the Court, future orders of the Court or by stipulation between the parties.

## C. Depositions

15. Any witness may be shown at a deposition, or examined on, any document containing Designated Information if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was previously communicated to or from the witness prior to or outside of this litigation, or if the designating party so agrees.

16. No persons shall attend portions of depositions during which information designated as Designated Information is disclosed unless such person is an authorized recipient of such

information under this Protective Order. If, during a deposition, the response to a question would require the disclosure of Designated Information, the witness may refuse to answer or complete his or her answer, or any party that designated that information as Designated Information may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room. If the persons not authorized to receive Designated Information refuse to leave the room, the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party. Each party reserves its right to demand the suspension of the taking of the deposition under Rule 30(d).

**D. Exceptions**

17. Nothing in this Order shall bar or otherwise restrict any counsel of record from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of Designated Information provided, however, in rendering such advice and in otherwise communicating with his clients, the counsel of record shall not disclose the content or the source of such information or documents contrary to the terms of this Order.

18. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that,

    a. was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

    b. is acquired by the non-designating party from a third-party having the right to disclose such information or material; or

    c. was lawfully possessed by the non-designating party prior to the entry by the Court of this Protective Order.

19. Nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents, or things, if, at the time of such use or disclosure, a party is merely using or disclosing its own information.

## IV.   DISPUTES REGARDING DESIGNATIONS

If any party believes in good faith that any document or thing designated as Confidential or Confidential - Attorneys' Eyes Only is not properly designated pursuant to the confidentiality provisions of this Order, that party ("Objecting Party") may so notify the producing party ("Designating Party") in writing, provide a description of the Designated Information which the Objecting Party believes should be freed from all or certain constraints of this Order, and provide the reasons why the Designated Information at issue is not properly designated pursuant to the confidentiality provisions of this Order ("Notice"). Copies of this Notice and the reasons shall be served on counsel for the parties to this lawsuit. Once Notice has been properly served, the parties shall, within 10 business days from the date of receipt of the Notice, confer and attempt to resolve such dispute in good faith on an informal basis. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the Designating Party, in the case of information produced by a party to this action, or the obligation of the Objecting Party, in the case of information produced by a non-party, to file an appropriate motion requesting that the Court determine whether the disputed Designated Information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed Designated Information shall be treated as designated under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed Materials shall lose the designation as Confidential or Confidential - Attorneys' Eyes Only and shall not thereafter be treated as

Confidential or Confidential - Attorneys' Eyes Only in accordance with this Protective Order. In connection with a motion filed under this provision, the Designating Party in the case of information produced by a party to this action, or the Objecting Party, in the case of information produced by a non-party, shall bear the burden of establishing that good cause exists for the disputed Materials to be treated as Confidential or Confidential - Attorneys' Eyes Only.

## V.   VIOLATION

20. Any person in possession of Designated Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Designated Information in order to ensure that the confidential nature of the same is maintained.

21. Each person and entity that receives any Designated Information agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

22. Each party shall be entitled to seek any remedy existing under law and equity if any information that is designated (at the time of use or disclosure) Confidential or Confidential - Attorneys' Eyes Only is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

23. If Designated Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must promptly, upon becoming aware of the disclosure, notify the designating party or non-party of the unauthorized disclosure and make every reasonable effort to prevent further disclosure and to obtain the return of such information. Such notification shall include (a) a description of the Designated Information used or disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the use

and disclosure; (c) the identity of the person(s) who made such use or disclosure and to whom the Designated Information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph.

## VI.   THIRD PARTIES

24. This Protective Order applies to all information that a non-party produces or discloses in connection with this litigation. A non-party may produce information designated Confidential or Confidential - Attorneys' Eyes Only.   All information that any non-party designates as Confidential or Confidential- Attorneys' Eyes Only shall be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to contest any designation as set forth above.

25. If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated Confidential or Confidential - Attorneys' Eyes Only in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

26. Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way

that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII.   WAIVER AND INADVERTENT DISCLOSURE

27. If a producing party inadvertently discloses information without designating such information as Confidential or Confidential - Attorneys' Eyes Only, that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

28. If a party inadvertently fails to mark a document that contains Designated Information with the appropriate designation, it may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing. Upon receiving such a notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use of disclosure of such information and (2) obtain the return of such information that is disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation as set forth above. The designating party shall also provide a replacement, marked pursuant to paragraph 4 above, for each affected document and thing.  After receipt of a marked replacement, and upon written request of the designating party, the receiving party shall certify in writing to counsel of the designating party that the receiving party has taken reasonable steps to return or destroy, at its option, every affected unmarked document and thing and all copies thereof.

### A. Privilege and Immunity

29. Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

30. If any party inadvertently discloses information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) shall govern.

31. Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation.

## VIII.   CONCLUSION OF LITIGATION

32. Within sixty days after the conclusion of this case, including any appeals, all materials designated as Confidential or Confidential - Attorneys' Eyes Only and produced hereunder, and all copies thereof, shall be returned to the producing party or opposing counsel shall certify in writing that such material has been destroyed, except that each firm having counsel of record shall have the right to retain for archival purposes one copy of all pleadings, papers filed with the court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as Confidential or Confidential - Attorneys' Eyes Only, subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates, or employees.

33. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

## IX.   AMENDMENT

34. The parties reserve the right to amend or modify this Order upon agreement of the parties and for good cause shown.  This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any court ruling concerning information that is or was designated Confidential or Confidential - Attorneys' Eyes Only, or (d) to seek any additional protection that the party deems appropriate.

14

SO ORDERED.

Dated: *1 - 18 - 12*

BY THE COURT:

Richard P. Matsch, Senior District Judge

15

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 10-CV-02139-RPM

LENOX MACLAREN SURGICAL CORPORATION,
a Colorado corporation,

      Plaintiff,

v.

MEDTRONIC, INCORPORATED,
a Minnesota corporation;
MEDTRONIC SOFAMOR DANEK, INCORPORATED,
an Indiana corporation;
MEDTRONIC PS MEDICAL, INCORPORATED,
d/b/a MEDTRONIC NEUROLOGIC TECHNOLOGIES,
a California corporation; and
MEDTRONIC SOFAMOR DANEK CO., LTD.,
a Japanese corporation.

      Defendants.

---

**DECLARATION**

---

      I, _____, declare that I have read the Protective

Order of the Court in this civil action, that I understand its terms, and that I agree to be bound by

all of the requirements and restrictions of said Order. I declare under penalty of perjury that the

foregoing is true and correct. I hereby agree to submit to the jurisdiction of the United States

District Court for the District of Colorado to resolve any disputes pertaining to this Protective

Order, which will be governed by the law of the same jurisdiction.

      Date:

                                         _____