**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02139-MSK-NYW

LENOX MACLAREN SURGICAL CORPORATION, a Colorado Corporation,

Plaintiff,

v.

MEDTRONIC, INCORPORATED, a Minnesota Corporation,
MEDTRONIC SOFAMOR DANEK, INCORPORATED, an Indiana corporation,
MEDTRONIC PS MEDICAL, INCORPORATED, d/b/a MEDTRONIC NEUROLOGIC TECHNOLOGIES, a California Corporation,
MEDTRONIC SOFAMOR DANEK CO., LTD., a Japanese corporation,

Defendants.

_____

**ORDER**
_____

Magistrate Judge Nina Y. Wang

This civil action comes before the court on multiple Motions for Leave to Restrict filed by the Parties in this action. [#305, filed May 8, 2015; #307, filed May 11, 2015; and #319, filed May 18, 2015] (collectively, the "Motions"). Pursuant to the Reassignment dated February 9, 2015 [#243] and the Memoranda dated May 11, 2015 [#306], May 12, 2015 [#310], and May 19, 2015 [#321], these Motions are before this Magistrate Judge. For the reasons set forth below, the Motions are DENIED.

As an initial matter, the Parties in this case have repeatedly failed to comply with the Local Rule governing the filing of Motions to Restrict. The Rule clearly states that "A motion to restrict public access shall be open to public inspection." D.C.COLO.CivR 7.2(c). Yet the Parties have each repeatedly filed Motions to Restrict as restricted documents themselves, in

contravention to the plain language of the Rule.

With respect to discovery materials filed in proceedings before this court, the Supreme Court has acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996).  There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

Accordingly, documents filed with this District are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief.  D.C.COLO.LCivR 7.2(a). A showing of compelling reasons for restriction of public access is necessary, as it critical that the public be able to review the factual basis of this Court's decisions and evaluate the court's rationale so that it may be confident that the court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.  As the court previously noted in its Minute Order dated May 19, 2015, the Parties have failed to make the requisite multi-part showing to warrant restriction.  [#323]. Instead, the Parties have relied upon conclusory statements regarding the confidentiality of the documents without making any particularized showing.  Such statements are simply not enough.

Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) it must identify the interest to be protected and the reasons why that interest outweighs the

2

presumption of public access; (3) it must identify a clear injury that would result if access is not restricted; and (4) it must explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(b)(1)–(4). As a result, a party seeking to restrict access may not simply point to confidentiality designations with respect to materials produced in discovery and/or state that it "believes" certain materials are competitively sensitive (without evidentiary support) in an attempt to secure wholesale sealing of entire legal briefs and accompanying exhibits.  Whether a party has designated a document "confidential" or even "attorney's eyes only" is not dispositive, and may not even be helpful, to the court's analysis.   Yet in reviewing the underlying Motions at issue, the court is unable to discern any effort by any Party to fully comply with the language of Rule 7.2(c) or the well-known legal standards set forth above.

As a result, IT IS ORDERED that:

(1)  The Motions [#305, #307, and #319] are DENIED; and

(2)  The Parties are advised, as they were in open court on May 28, 2015, that further noncompliance with the procedures set forth in D.C.COLO.LCivR 7.2 regarding Motions to Restrict will lead to the striking *sua sponte* of such motions and further sanctions, if warranted.

DATED: June 11, 2015                                         BY THE COURT:

    s/Nina Y. Wang
United States Magistrate Judge