**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02139-MSK-NYW

LENOX MACLAREN SURGICAL CORPORATION,
a Colorado corporation,

        Plaintiff,

vs.

MEDTRONIC, INCORPORATED,
a Minnesota corporation;
MEDTRONIC SOFAMOR DANEK, INCORPORATED,
an Indiana corporation;
MEDTRONIC PS MEDICAL, INCORPORATED, D/B/A
MEDTRONIC NEUROLOGIC TECHNOLOGIES,
a California corporation; and
MEDTRONIC SOFAMOR DANEK CO., LTD.,
a Japanese corporation,

        Defendants.

_____

**DEFENDANTS' RESPONSE TO LENOX'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORT OF DWIGHT DUNCAN**
_____

Defendants Medtronic, Inc.; Medtronic Sofamor Danek, Inc.; Medtronic PS Medical, Inc., d/b/a Medtronic Neurologic Technologies; and Medtronic Sofamor Danek Co., Ltd. ("Defendants") file this Response to Lenox's Motion for Leave to Supplement Expert Report of Dwight Duncan as follows.

## INTRODUCTION

The Court should deny Lenox MacLaren Surgical Corporation ("Lenox") leave to supplement the Expert Report of Dwight Duncan because the documents that Mr. Duncan claims he recently received, that supposedly necessitated the Supplemental Report, were produced to

Lenox more than two years ago. If Mr. Duncan did not receive these documents until recently it is because Lenox's counsel failed to provide him with copies. The Supplemental Report violates Rule 26(a), should be stricken, and Mr. Duncan should be prohibited from offering testimony regarding the opinions in his Supplemental Report.

## **BACKGROUND**

On July 31, 2015, three months after the April 30, 2015, deadline to designate opening experts and three months after Lenox served Mr. Duncan's opening report[1], Lenox served Defendants with a Supplemental Expert Report of Dwight J. Duncan, CFA ("Supplemental Duncan Report"). *See* Exhibit 1.[2] Lenox did not seek leave of Court to serve the Supplemental Duncan Report until August 12, 2015, nearly two weeks later.

Mr. Duncan contends that his Supplemental Report was necessary because he claims that he was "provided with additional information regarding Stryker's bone mill sales ('Stryker Data')," and that the "additional information affects certain analyses set forth in" his original report served on April 30, 2015. *See* Ex. 1 at p. 1. Lenox contends that it has no record that it received these documents until after it served Mr. Duncan's original report. (Document No. 396 at p.1).

The four pages of documents that Mr. Duncan contends are the basis for his supplemental report were produced to Lenox by Defendants on January 19, 2013. If Mr. Duncan did not receive these documents until recently, it is Lenox's fault.

---

[1] *See* Document No. 271. The deadline to designate rebuttal experts and serve rebuttal expert reports was originally May 18, 2015, but was extended to June 4, 2015, regarding reports rebutting Lenox's expert Dr. Chewning, and June 8, 2015, regarding reports rebutting Lenox's expert Scott Hay. *See* Document No. 330.

[2] Defendants have redacted certain sensitive financial information from Exhibit 1.

_____

The documents at issue are marked with two sets of bates labels. The first bates labels (STRMED00000054 – STRMED00000057) were affixed to the documents by Stryker when the documents were originally produced to Defendants pursuant to a subpoena. The second set of bates lables (Third Party – Stryker 000000109—Third Party – Stryker 000000112) were added by Defendants when the documents were re-produced to Lenox. Defendants received these documents from Stryker pursuant to a subpoena on January 18, 2013 and produced them to Lenox the next day on January 19, 2013. *See* Exhibit 2, January 18, 2013, email and document production from Stryker.[3] *See also* Exhibit 3, January 19, 2013 letter and document production to Lenox. Office personnel at the office of Lenox's counsel signed for the documents on January 22, 2013. *See* Exhibit 4, Kroll Ontrack delivery confirmation.

Thus, as of January 2013, Lenox had the documents that Mr. Duncan claims he did not receive until after April 30, 2015.

## ARGUMENTS AND AUTHORITIES

**1.    The Untimely Supplemental Duncan Report Violates Rule 26.**

Rule 26 requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a). The purpose of this disclosure requirement is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for depositions and a response, including arranging for expert testimony from other witnesses. *Andersen v. Van Pelt*, 2010 WL 5109994, * 4-5 (D. Colo. Dec. 8, 2010) (granting motion to strike expert affidavit served after expert disclosure deadline).

---

[3] Defendants have redacted certain sensitive financial information from Exhibit 2.

_____

The Supplemental Duncan Report violates Rule 26(a) because it includes opinions that should have been included in Mr. Duncan's original report. *Id.* at *4 ("The Court agrees [] that the opinions set forth in Dr. Pattison's affidavit constitute new opinions that should have been disclosed in his rebuttal opinion as required by Federal Rule of Civil Procedure 26(a)."). Mr. Duncan's supplemental report is late and should be stricken.

**2. The Untimely Supplemental Duncan Report, and Testimony Relating to Its Contents, Is Inadmissible Under Rule 37(c)(1).**

Under Rule 37(c)(1) Lenox is not permitted to introduce the opinions set forth in the Supplemental Duncan Report unless Lenox can show that Mr. Duncan's failure to include the opinions in his original report was justified or harmless.

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

The following factors guide the Court's determination of whether a Rule 26(a) violation is justified or harmless: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing the testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness. *Id*.

Here, considering these factors, Mr. Duncan's failure to include his opinions relating to the documents at issue is not justified and is not harmless. Therefore, the Court should deny Lenox leave to serve the Supplemental Duncan Report.

**A. Lenox's Violation is Not Harmless.**

**1. Defendants Are Prejudiced by the Untimely Supplemental Duncan Report.**

The first factor weighs in favor of denying Lenox leave to serve the Supplemental Duncan Report.

Mr. Duncan's untimely Supplemental Report prejudices Defendants. Defendants deposed Mr. Duncan on May 30, 2015, and discovery in this case closed on June 4, 2015. Defendants have not had an opportunity to depose Mr. Duncan regarding the opinions set forth in his Supplemental Report and cannot now depose Mr. Duncan on these topics because discovery is closed. Further, Defendants cannot designate an expert to rebut Mr. Duncan's new opinions because that deadline too has passed.

Rule 26 requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a). The purpose of this disclosure requirement is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for depositions and a response, including arranging for expert testimony from other witnesses. *Andersen*, 2010 WL 5109994 at *4.

Defendants are prejudiced by Mr. Duncan's untimely Supplemental Report because they have not had the opportunity to depose Mr. Duncan on his supplemental opinions and cannot do so now because discovery has closed. *Id*.

Lenox incorrectly contends that Defendants are not prejudiced by Mr. Duncan's Supplemental Report because, "Defendants already knew of this information [the data in the four pages of documents at issue] when they submitted their rebuttal expert reports," and because "the supplement does not change Mr. Duncan's opinions, but merely aligns Mr. Duncan's report with all available evidence in the record." (Document No. 296 at p.2).

---

It does not matter whether Defendants knew of information that Mr. Duncan failed to consider in his original report. The fact that Mr. Duncan has considered additional information and rendered new opinions after the close of discovery is what matters. Now that discovery has closed, Defendants do not have the ability to question Mr. Duncan regarding his new opinions or the bases for them, much less designate experts to rebut Mr. Duncan's new opinions. Mr. Duncan's Supplemental Report prejudices Defendants and the Court should deny Lenox leave to serve it. *Andersen*, 2010 WL 5109994 at *4.

> **2.     The Prejudice to Defendants Cannot Be Cured Without Re-Opening Discovery, Which Will Delay The Trial.**

The second and third factors—the ability to cure the prejudice and whether introduction of the opinions will disrupt trial—are related in this case and weigh in favor of denying Lenox leave to serve the Supplemental Duncan Report.

The prejudice to Defendants cannot be cured without re-opening discovery to permit Defendants to depose Mr. Duncan regarding his supplemental opinions and serve new rebuttal opinions. But the Court has already held its pretrial conference and set a trial date for this case. Re-opening discovery for Defendants to depose Mr. Duncan on his supplemental opinions will likely delay trial. *Id*. ("The Court, nevertheless, notes that such prejudice can be avoided only by reopening discovery, allowing McLaughlin to depose Dr. Pattison and possibly other expert witnesses[.]  Such a cure, however, would greatly disrupt the trial schedule. The final pretrial conference is to occur just three months from the disclosure of these new opinions.").

> **B.     Lenox's Violation is Not Justified Because Lenox Has Had The Documents At Issue For More Than Two Years; Mr. Duncan's Failure to Consider The Documents Is Lenox's Fault.**

The final factor weighs in favor of denying Lenox leave to serve the Supplemental Duncan Report.

Defendants produced the documents at issue to Lenox more than two years ago. Thus, if anyone is to blame for Mr. Duncan's recent receipt of the documents, it is Lenox. Defendants should not suffer as a result of Lenox's own failure to provide documents to its experts. Lenox either withheld the documents willfully, in bad faith, or negligently failed to ascertain that it possessed documents that its expert should review.

## CONCLUSION

The Court should deny Lenox leave to serve the Supplemental Duncan Report and instead strike the Supplemental Report and prohibit Mr. Duncan from testifying regarding his supplemental opinions because the report was served well-after the deadline and Lenox had the documents at issue for more than two years before Mr. Duncan served his Supplemental Report.

Dated:  September 8, 2015               Respectfully submitted,


                                        */s/ Michael Simons*
                                        Michael Simons

                                        Steven M. Zager
                                        One Bryant Park
                                        New York, New York 10036
                                        Telephone:  212-872-1000
                                        Email:  szager@akingump.com

                                        Michael Simons
                                        David C. Lawrence
                                        600 Congress Avenue, Suite 1350
                                        Austin, Texas 78701
                                        Telephone:  512-499-6200
                                        Fax:  512-499-6290
                                        Email:  msimons@akingump.com
                                        dlawrence@akingump.com

                                        C. Fairley Spillman
                                        1333 New Hampshire Avenue, N.W.
                                        Robert S. Strauss Building #400
                                        Washington, DC 20036-1564
                                        Telephone:  202-887-4000
                                        Fax:  202-887-4288
                                        Email:  fspillman@akingump.com

                                        Kellie Marie Johnson
                                        1700 Pacific Avenue
                                        Suite 4100
                                        Dallas, TX  75201
                                        Telephone:  214-969-2743
                                        Fax:  214-969-4343
                                        Email:  kmjohnson@akingump.com


                                        **ATTORNEYS FOR DEFENDANTS: MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK, INC.; MEDTRONIC PS MEDICAL, INCORPORATED, D/B/A; MEDTRONIC NEUROLOGIC TECHNOLOGIES; AND MEDTRONIC SOFAMOR DANEK CO., LTD.**

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

George Stephen Long
  *slong@joneskeller.com*
JONES & KELLER, PC-DENVER

Nicole A. Westbrook
  *nwestbrook@joneskeller.com*
JONES & KELLER, PC-DENVER

Stanley M. Gibson
  *SGibson@jmbm.com*
JEFFER, MANGELS, BUTLER & MARMARO, LLP

**Attorneys for Plaintiff**


  */s/ Michael Simons*
  Michael Simons

___