**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02139-MSK-NYW

LENOX MACLAREN SURGICAL CORPORATION,
a Colorado corporation,

Plaintiff,

vs.

MEDTRONIC, INCORPORATED,
a Minnesota corporation;
MEDTRONIC SOFAMOR DANEK, INCORPORATED,
an Indiana corporation;
MEDTRONIC PS MEDICAL, INCORPORATED, D/B/A
MEDTRONIC NEUROLOGIC TECHNOLOGIES,
a California corporation; and
MEDTRONIC SOFAMOR DANEK CO., LTD.,
a Japanese corporation,

Defendants.

---

**DEFENDANTS' MOTION TO STRIKE**
**SUPPLEMENTAL EXPERT REPORT OF DWIGHT DUNCAN**

---

Defendants Medtronic, Inc.; Medtronic Sofamor Danek, Inc.; Medtronic PS Medical, Inc., d/b/a Medtronic Neurologic Technologies; and Medtronic Sofamor Danek Co., Ltd. ("Defendants") file this Motion to Strike Supplemental Expert Report of Dwight Duncan as follows.

## SUMMARY OF ARGUMENT

Mr. Duncan's Supplemental Expert Report should be stricken because it was filed three months late, and the documents that Mr. Duncan claims he recently received, that supposedly necessitated the supplemental report, were produced to Lenox MacLaren Surgical Corporation

("Lenox") more than two years ago. If Mr. Duncan did not receive these documents until recently, it is because Lenox's counsel failed to provide him with copies. The Supplemental Report violates Rule 26(a), should be stricken, and Mr. Duncan should be prohibited from offering testimony regarding the opinions in his Supplemental Report.

Contemporaneously with this filing, Defendants also filed a Response to Lenox's Motion for Leave to Supplement Mr. Duncan's Report ("Response"). Defendants incorporate their Response by reference as if fully stated herein and request that the Court strike the Supplemental Expert Report of Dwight J. Duncan, CFA ("Supplemental Duncan Report") and enter an order prohibiting Mr. Duncan from offering testimony regarding the opinions in his Supplemental Report.

## ARGUMENTS AND AUTHORITIES

As explained in detail in Defendants' Response, the Supplemental Duncan Report violates Rule 26(a) because it includes opinions that should have been included in Mr. Duncan's original report. Under Rule 37(c)(1) Lenox is not permitted to introduce the opinions set forth in the Supplemental Duncan Report unless Lenox can show that Mr. Duncan's failure to include the opinions in his original report was justified or harmless. Lenox cannot make this showing.

Mr. Duncan's untimely Supplemental Report is not harmless. Rather, it prejudices Defendants. Defendants deposed Mr. Duncan on May 30, 2015, and discovery in this case closed on June 4, 2015. Defendants have not had an opportunity to depose Mr. Duncan regarding the opinions set forth in his Supplemental Report and cannot now depose Mr. Duncan on these topics because discovery is closed. Further, Defendants cannot designate an expert to rebut Mr. Duncan's new opinions because that deadline too has passed.

The prejudice to Defendants cannot be cured without re-opening discovery to permit Defendants to depose Mr. Duncan regarding his supplemental opinions and serve new rebuttal opinions. But the Court has already held its pretrial conference and set a trial date for this case. Re-opening discovery for Defendants to depose Mr. Duncan on his supplemental opinions will likely delay trial.

Finally, Mr. Duncan's untimely supplemental report is not justified. Defendants produced the documents at issue to Lenox more than two years ago. Thus, if anyone is to blame for Mr. Duncan's recent receipt of the documents, it is Lenox. Defendants should not suffer as a result of Lenox's own failure to provide documents to its experts. Lenox either withheld the documents willfully, in bad faith, or negligently failed to ascertain that it possessed documents that its expert should review.

## CONCLUSION

The Court should strike the Supplemental Duncan Report and prohibit Mr. Duncan from testifying regarding his supplemental opinions because the report was served well-after the deadline and Lenox had the documents at issue for more than two years before Mr. Duncan served his Supplemental Report.

Dated: September 8, 2015

Respectfully submitted,

*/s/ Michael Simons*
Michael Simons

Steven M. Zager
One Bryant Park
New York, New York 10036
Telephone: 212-872-1000
Email: szager@akingump.com

Michael Simons
David C. Lawrence
600 Congress Avenue, Suite 1350
Austin, Texas 78701
Telephone: 512-499-6200
Fax: 512-499-6290
Email: msimons@akingump.com
dlawrence@akingump.com

C. Fairley Spillman
1333 New Hampshire Avenue, N.W.
Robert S. Strauss Building #400
Washington, DC 20036-1564
Telephone: 202-887-4000
Fax: 202-887-4288
Email: fspillman@akingump.com

Kellie Marie Johnson
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
Telephone: 214-969-2743
Fax: 214-969-4343
Email: kmjohnson@akingump.com

**ATTORNEYS FOR DEFENDANTS: MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK, INC.; MEDTRONIC PS MEDICAL, INCORPORATED, D/B/A; MEDTRONIC NEUROLOGIC TECHNOLOGIES; AND MEDTRONIC SOFAMOR DANEK CO., LTD.**

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies, pursuant to D.C.Colo.LCivR 7.1, that Defendants' counsel conferred with Plaintiff's counsel prior to filing this motion. Counsel for the Plaintiff informed that they oppose the motion and relief requested by the Defendants.

*/s/ Michael Simons*
Michael Simons

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

George Stephen Long
*slong@joneskeller.com*
JONES & KELLER, PC-DENVER

Nicole A. Westbrook
*nwestbrook@joneskeller.com*
JONES & KELLER, PC-DENVER

Stanley M. Gibson
*SGibson@jmbm.com*
JEFFER, MANGELS, BUTLER & MARMARO, LLP

**Attorneys for Plaintiff**

*/s/ Michael Simons*
Michael Simons