**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02139-MSK-NYW

LENOX MACLAREN SURGICAL CORPORATION,

    Plaintiff,

v.

MEDTRONIC INCORPORATED,
MEDTRONIC SOFAMOR DANEK, INCORPORATED,
MEDTRONIC PS MEDICAL, INCORPORATED,
MEDTRONIC SOFAMOR DANEK CO., LTD.,

    Defendants.

---

**ORDER REGARDING COURT'S ORDER TO SHOW CAUSE**

Magistrate Judge Nina Y. Wang

This matter comes before the court on its Order to Show Cause as to why Plaintiff Lenox MacLaren Surgical Corporation ("Plaintiff" or "Lenox") should not be sanctioned for propounding supplemental responses to Interrogatories Nos. 13 and 14 that failed to comply with the Court's June 11, 2015, Order, the Federal Rules of Civil Procedure, and the case law interpreting the obligations of parties in responding to written interrogatories. [#403]. This Order to Show Cause arose as a result of the Motion for Order to Show Cause filed by Defendants Medtronic, Inc.; Medtronic Sofamor Danek, Inc.; Medtronic PS Medical, Inc,.; and Medtronic Sofamor Danek Co., Ltd. (collectively "Defendants" or "Medtronic"). [#374] (the "Motion for Order to Show Cause").

On August 19, 2015, Plaintiff filed its Response to the Court's Order to Show Cause, apologizing for misinterpreting the court's order regarding Interrogatory No. 13 and Interrogatory No. 14 and asserting that Lenox had now "completely amended Lenox's responses to the interrogatories by adding the prior narrative response with additional supplementation of facts discovered after the response was first provided." [#404 at 2]. The court's concern was not that Plaintiff invoked Rule 33(d) in providing a supplemental response to Interrogatories Nos. 13 and 14, but rather the identification of large swaths of documents including wholesale declarations, sworn testimony, expert reports, the transcript of an entire arbitration hearing an "all witnesses and exhibits that will be provided to the Court upon close of discovery pursuant to the Court's pre-trial procedures" [#374-1 at 4-5] is simply not what Rule 33(d) contemplates. However, because the court has not heard from Defendants to the contrary, the court has no reason to doubt that Lenox's representation that its further responses to Interrogatory Nos. 13 and 14 are now sufficient is correct. [#407 at 3-4].

Plaintiff also apologized for providing unsworn responses to the same Interrogatories based on "a mere oversight" and that "[c]ounsel mistakenly believed that by supplementing its prior narrative response with the evidentiary support of documents by Bates number and particular category, an affirmation by Lenox was not required by Rule 33(b)(5)." [#404 at 5-6]. In the Response, Lenox also asserts that "[h]ad the Defendants conferred with respect to this issue, pursuant to local rules, counsel would have provided the certification immediately and a hearing would have been unnecessary." [*Id.* at 6].

This assertion is belied by the record in this case. Defendants filed their Motion for Order to Show Cause on July 14, 2015. [#374]. In it, Defendants included Certificate of

2

Conference. [*Id.* at 5]. Defendants specifically identified the lack of signatures as a deficiency. [*Id.* at 2-3]. In response, Lenox never mentioned that Defendants failed to confer. [#393]. Even if Defendants had failed to confer about the issue of signatures prior to the filing of the Motion for Order to Show Cause, Lenox did not respond by providing the certification immediately and negating the necessity of the hearing. Instead, Lenox responded by arguing that "Lenox already signed the original response to Interrogatories No. 13 and 14, and thus is not required to sign each supplemental response." [#393 at 3]. Rule 26(g) of the Federal Rules of Civil Procedure provides that counsel, by signing a discovery response, is certifying that such response is consistent with the Federal Rules and warranted by existing law. Fed. R. Civ. P. 26(g)(1)(B). Lenox not only failed to cite any authority supporting its incorrect proposition (which, if true, could lead to a nonsensical result of permitting a party to rely upon a past certification by an individual with no knowledge of any additional content contained in the supplemental responses) but also failed to address the fact that the court's June 11 Order unequivocally states that "the response must be signed under oath by the individual(s) providing the information as contemplated by Rule 33(b)." [#337 at 12].

The court recognizes that discovery in a complex and hard fought case like this one can be an arduous process. Ordinarily, the court would be disinclined to impose sanctions, in part because it appears that Plaintiff has provided the information sought by Defendants and it is unclear what prejudice Defendants have suffered. However, this is the second instance within six months in which Plaintiff's counsel has been less than forthright to the court. *See* [#264]. The court is troubled by this pattern, and cannot ignore it.

Rule 37(b)(2)(A) authorizes a court to sanction a party for failure to comply with a discovery order. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry, and in making such a determination trial courts are accorded broad discretion." *Gates Rubber Co. v. Bando Chemical Industries*, Ltd., 167 F.R.D. 90, 102 (D. Colo. 1996) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (internal quotation marks and further citation omitted)). A court's discretion, however, is guided by choosing a sanction that is both "just" and "related to the particular claim which was at issue in the order to provide discovery." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 695, 707 (1982).

In this instance, the recalcitrant litigation strategy of Plaintiff's counsel caused Defendants and the court to expend unnecessary time and resources resolving an issue that should have never required court intervention. Rule 26(g)(3) contemplates that one appropriate sanction for improper certification of discovery responses is "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3). The court finds that such sanction is appropriate here. Therefore, IT IS ORDERED that:

(1) Plaintiff's counsel shall pay the reasonable expenses of Defendants' counsel in filing and arguing the Motion for Order to Show Cause and its Reply. This award is made against Plaintiff's counsel and is not to be billed, directly or indirectly, to Plaintiff;

(2) Counsel for the Parties shall confer to reach an agreement on the amount of those expenses and attorney's fees. No later than October 16, 2015, Defendants shall file a fee application in a manner which complies with the requirements of D.C.COLO.LCivR 54.3 specifying the amount of the expenses and attorney's fees claimed if, by that date, the Parties

have not agreed to the amount of the award and/or it has not been fully satisfied. The Parties are reminded of their obligation to conduct a meaningful meet and confer regarding this issue, which includes either telephonic or face-to-face meetings; and

    (3)    Plaintiff's counsel will provide a copy of this Order on their client, and file a Notice with the Clerk of the Court that such service has been made no later than September 30, 2015.

DATED September 17, 2015              BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge