**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-02139-MSK-NYW

LENOX MACLAREN SURGICAL CORPORATION,
a Colorado corporation,

    Plaintiff,

v.

MEDTRONIC, INCORPORATED,
a Minnesota corporation;
MEDTRONIC SOFAMOR DANEK, INCORPORATED,
an Indiana corporation;
MEDTRONIC PS MEDICAL, INCORPORATED,
d/b/a MEDTRONIC NEUROLOGIC TECHNOLOGIES,
a California corporation; and
MEDTRONIC SOFAMOR DANEK CO., LTD.,
a Japanese corporation,

    Defendants.
_____

**LENOX'S REPLY IN SUPPORT OF THE MOTION FOR LEAVE TO SUPPLEMENT THE EXPERT REPORT OF DWIGHT DUNCAN**
_____

"Rule 26(e)(1) permits, indeed requires, that an expert supplement his report and disclosures in certain limited circumstances." *Cook v. Rockwell Intern. Corp.*, 580 F.Supp.2d 1071, 1169 (D.Colo. 2006). Those circumstances are when the party <u>or</u> expert learns the information previously disclosed is incomplete or incorrect in some material respect. *See* FED.R.CIV.P. 26(e); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953–54 (10th Cir.2002). Permissible supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D.Mont.1998); *see Beller v. United States*, 221 F.R.D. 689, 694–95 (D.N.M.2003). Only supplemental expert reports that state

<u>additional opinions</u> or rationales or "strengthen" or "deepen" opinions expressed in the original expert report exceed the bounds of permissible supplementation and are subject to exclusion under Rule 37(c). *Cook*, 580 F.Supp.2d at 1169 (citations omitted).

Dwight Duncan's supplemental report neither expresses additional opinions, nor strengthens or deepens opinions expressed in Mr. Duncan's original report. Rather, Mr. Duncan's supplement is for a limited purpose: to align Mr. Duncan's opinions with the evidence in this case which Mr. Duncan did not have when he wrote his initial report. Since the essence of a trial is to present the jury with the truth, Mr. Duncan was obligated to supplement his report with new information. To be clear, the supplement merely modifies the market share figures in two charts, and only for the years 2008 through 2010 – all of which are in <u>the Defendants' favor</u>. Given that fact, it is impossible to find prejudice to the Defendants with respect to Mr. Duncan's supplement.

In their Response (ECF No. 411), the Defendants argue they were prejudiced or surprised because the Defendants cannot question Mr. Duncan on the new figures. But the Defendants have not explained to this Court how more favorable numbers to the Defendants harm their case at all – or how that difference would have materially affected the deposition taken by the Defendants. In addition, it was only by virtue of the rebuttal report that Lenox actually learned of the missing documents' existence. Since the Defendants were able to rebut the missing information before Mr. Duncan even became aware of the evidence, there can be no surprise to the Defendants.

As soon as Lenox reviewed the rebuttal report, Lenox began trying to get the missing documents from the Defendants on June 8, 2015. The Defendants maintain that Lenox should have received the missing document in January 2013 and Lenox maintains that it did not receive

them. Regardless, once Lenox received the documents from the Defendants on June 19, 2015, Lenox sent those documents to Mr. Duncan for review. Mr. Duncan concluded that these documents were favorable to the Defendants and thus his report should be slightly modified to align with the evidence. This favorable and minor modification does not surprise or prejudice the Defendants.

For the foregoing reason, Lenox respectfully requests that the Court grant Lenox leave to supplement Dwight Duncan's report in this case.

Dated this 25th day of September, 2015.

By:

**JONES & KELLER, P.C.**

/s/ *Nicole A. Westbrook*
G. Stephen Long
Nicole A. Westbrook
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: 303-573-1600
Fax: 303-573-8133
E-mail: slong@joneskeller.com
          nwestbrook@joneskeller.com

**JEFFER MANGELS BUTLER & MITCHELL LLP**
Stanley M. Gibson
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: 310-201-3548
Fax: 310-712-8548
E-mail: sgibson@jmbm.com

*ATTORNEYS FOR PLAINTIFF LENOX MACLAREN SURGICAL CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2015, a true and correct copy of the above-pleading was served by ECF and/or electronic mail as follows:

Steven M. Zager
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
*szager@akingump.com*

Kellie Johnson
David Lawrence
Wesley Markham
Michael Simons
C. Fairley Spillman
Akin Gump Strauss Hauer & Feld LLP

/s/ *Nicole A. Westbrook*
Nicole A. Westbrook

4