**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02139-MSK-NYW

LENOX MACLAREN SURGICAL CORPORATION, a Colorado Corporation,

    Plaintiff,

vs.

MEDTRONIC, INCORPORATED, a Minnesota corporation,
MEDTRONIC SOFAMOR DANEK, INCORPORATED, an Indiana corporation,
MEDTRONIC PS MEDICAL, INCORPORATED, d/b/a MEDTRONIC NEUROLOGIC
TECHNOLOGIES, a California corporation,
MEDTRONIC SOFAMOR DANEK CO., LTD., a Japanese corporation,

    Defendants.

_____

**ORDER ON SUPPLEMENTAL REPORT OF DWIGHT DUNCAN**
_____

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Plaintiff Lenox MacLaren Surgical Corporation, Inc.'s Motion for Leave to Supplement the Expert Report of Dwight Duncan (the "Motion to Supplement Duncan Report") [#396], filed on August 12, 2015, and the corresponding Motion to Strike Supplemental Expert Report of Dwight Duncan ("Motion to Strike Duncan Report") [#412], filed on September 8, 2015 by Defendants Medtronic, Incorporated, Medtronic Sofamor Danek, Incorporated, Medtronic PS Medical, Incorporated, d/b/a Medtronic Neurologic Technologies, and Medtronic Sofamor Danek Co., Ltd. (collectively, "Defendants" or "Medtronic"). These Motions were referred to this Magistrate Judge pursuant to the Pursuant to the Reassignment dated February 9, 2015 [#243] and the

Memoranda dated September 10, 2015 [#410] and October 30, 2015 [#431].[1] Having considered the briefs of the Parties, relevant portions of the case file in the instant action, the applicable case law, and the oral argument of counsel at the October 30, 2015 hearing, IT IS ORDERED that the Motion to Supplement Duncan Report is GRANTED and the Motion to Strike Duncan Report is DENIED.

## BACKGROUND

In this antitrust case, premised on Plaintiff Lenox MacLaren Surgical Corporation's ("Plaintiff" or "Lenox") allegations that Lenox suffered from exclusionary conduct by Defendants in the surgical "bone mill" market, Lenox served the expert report of Dwight Duncan relating to damages on Defendants on April 30, 2015. [#396 at 1]. Mr. Duncan's report included analysis of market share in the bone mill market, including the market share held by third-party Stryker Corporation ("Stryker"), a company that apparently entered the bone mill market in 2008. [*Id.* at 2; #411 at 2, #411-1 at 5]. On May 20, 2015, Defendants deposed Mr. Duncan. [#396 at 1]. On June 4, 2015, Defendants served a rebuttal expert report that referred to several documents produced by Stryker that Lenox had not previously provided to Mr. Duncan. [*Id.*].

Lenox contends that these documents "merited" consideration by Mr. Duncan, and that Lenox's counsel had no "record of ever receiving these documents" prior to serving Mr. Duncan's report on April 30, 2015. [*Id.*]. Defendants maintain that the four Stryker documents were produced to Lenox by Medtronic on January 19, 2013, a day after Medtronic received the

---

[1] This Order refers to the Electronic Court Filing ("ECF") system docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

documents from Stryker pursuant to a third-party subpoena. [#411 at 2-3]. At oral argument, contrary to its representations in both its affirmative Motion to Supplement Duncan Report [#396 at 1 ("Lenox has no record of ever receiving these documents prior to disclosing Mr. Duncan's report on April 30, 2015")] and its Reply [#419 at 2-3 ("Lenox maintains that it did not receive them")], Plaintiff's counsel admitted that it appeared that an employee of his firm signed for the electronic media that contained the documents at issue, though he could not trace where the documents ended up within the firm. Indeed, it appears that the production was directed at counsel of record in this matter.[2]  *See* [#411-2].

Upon request by Lenox, Medtronic re-produced these documents to Lenox on June 19, 2015. [#419 at 2-3]. On July 31, 2015, Lenox served Mr. Duncan's supplemental report, which included revised analysis of bone mill market share between the years of 2008 and 2010, based at least in part on reliance on the Stryker financial documents. [#396 at 2, #411-1 at 4-7]. Specifically, Mr. Duncan reduced his calculation of Medtronic's bone mill market share for the years between 2008-2010, and increased his calculation of Stryker's bone mill market share for those same years. [#411-1 at 5]. In addition, Mr. Duncan revised his opinion that Medtronic had monopoly power from 2003 to 2010, to 2003 to 2009. [*Id.* at 7].

On August 3, 2015, the Parties appeared before the Honorable Marcia S. Krieger for a Final Pretrial Conference in this case. [#391]. The deadline for the submission of the Final Pretrial Order was July 27, 2015, but at the Final Pretrial Conference, Chief Judge Krieger

---

[2] While the court appreciated Plaintiff counsel's forthright admission that an employee of his law firm had, in fact, signed for the electronic media containing the Stryker documents in or about January 2013, the court reminds the Parties of their obligations to undertake a reasonable investigation into the facts before affirmatively asserting them before the court, consistent with their obligations under the Federal Rules of Civil Procedure and as an officer of this court.

directed the Parties to submit a revised proposed Final Pretrial Order on or before September 18, 2015. [#391, #392].

On August 12, 2015, Lenox filed its Motion for Leave to Supplement the Expert Report of Dwight Duncan [#396]. Lenox argues that the court should grant leave because, according to Lenox, Mr. Duncan's revised analysis does not substantively alter his prior opinions, but "merely aligns" the report with "all available evidence in the record." [*Id.* at 2]. Lenox further argues that such supplementation is contemplated by Fed. Rule Civ. P. 26(e), which requires supplemental disclosures when a "party learns that in some material respect [a prior] disclosure or response [made pursuant to Rule 26(a)] is incomplete or incorrect." Fed. Rule Civ. P. 26(e)(1)(A). [#419 at 1-2]. Lenox also argues that Medtronic would not be prejudiced by the supplementation, because Medtronic "knew of [the] information" underlying Mr. Duncan's revised analysis before Medtronic served its rebuttal report. [#396 at 2]. Moreover, Lenox argues that Mr. Duncan's supplemental opinions cannot prejudice Defendants because they are substantively "more favorable" to the Defendants, and because Defendants have not explained "any material" effect of the revised market share analysis that would call for Defendants to pursue other lines of inquiry or response in seeking to examine and rebut Mr. Duncan's opinions. [#419 at 2-3].

Defendants argue that being deprived of the opportunity to question Mr. Duncan regarding his revised opinions prior to the close of discovery, and to propound rebuttal opinions if warranted, constitutes prejudice. [#411 at 5-6]. Defendants also argue that this prejudice cannot be cured unless discovery is re-opened, which would in turn disrupt the orderly procession of this case to trial. [#411 at 5-6]. At oral argument, counsel for Defendants

conceded that the methodology employed by Mr. Duncan had not changed, but maintained that Defendants still could not discern how Mr. Duncan arrived at the new calculations based on the report alone.

On the same day it responded to Plaintiff's Motion to Supplement Duncan Report, Defendants filed their pending Motion to Strike Duncan Report. [#412]. The Motion to Strike Duncan Report is substantively identical to their Response to the Motion to Supplement the Duncan Report. *Compare* [#411] *with* [#412]. Plaintiff's Response to the Motion to Strike Duncan Report also is functionally equivalent to its Motion to Supplement Duncan Report. [#420].

## ANALYSIS

I. **Standard of Review**

    A. **Expert Disclosures**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). A retained expert must provide a report that contains "(1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (5) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). A party may supplement disclosures made pursuant to Rule 26(a), including expert reports, if the party discovers that the disclosure is "incomplete or incorrect" in some

"material respect." Fed. Rule Civ. P. 26(e)(1)(A). Such supplementation must be "timely" made, but no later than the time a party's pretrial disclosures are due under Rule 26(a)(3). Fed. R. Civ. P. 26(e)(1)(a), (e)(2). Under this District's Local Rules of Civil Practice, disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure must be made by the deadline for the submission of the Final Pretrial Order. D.C.COLO.LCivR 26.1(b); *Auraria Student Housing at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2015 WL 72360, *3 (D. Colo. Jan. 5, 2015); *Buben v. City of Lone Tree*, No. 08-cv-00127, 2010 WL 4810632, *2 (D. Colo. Nov. 19, 2010). Nevertheless, simply because supplemental disclosures are made on or before a deadline does not necessarily mean that they are "timely" under Rule 26(e); the court will also consider a party's diligence in obtaining the supplemental information, the length of time to supplement once the party obtained the supplemental information, and other relevant facts to determine whether a party's course of conduct in supplementing frustrates the purpose of Rule 26 to promote full and orderly pretrial disclosure. *See e.g.*, *Jama v. City and County of Denver*, 304 F.R.D. 289, 299-300 (D. Colo. 2014) (discussing timeliness under Rule 26(e)); *Harvey v. United States*, Civil Action No. 04-cv-00188-WYD-CBS, 2005 WL 3164236, *13 (D. Colo. Nov. 28, 2005).

### B. Rule 37(c)

A violation of Rule 26(a)(2) is addressed by the court pursuant to Rule 37(c) of the Federal Rules of Procedure. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In exercising this discretion, the court's consideration is guided by the following four factors: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id.*

In seeking to avoid preclusion, the party responsible for a Rule 26(a) violation bears the burden of showing the failure was substantially justified or harmless. *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted); *see also Contour PAK, Inc. v. Expedice, Inc.*, No. 08–cv–01091–PAB–KMT, 2009 WL 2490138, at *1 (D. Colo. Aug.14, 2009) ("The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures.") (citation omitted).

II.   **Application to Motion for Leave**

A.   **Supplementation Pursuant to Rule 26(e)**

Under Rule 26 and the Scheduling Order in this case, Lenox's April 30, 2015 expert disclosure of Mr. Duncan had to include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(1). Lenox argues that Mr. Duncan's supplemental opinions fall within the scope of Rule 26(e)(1), because they merely "align" Mr. Duncan's prior opinions with " evidence . . . [he] did not have when he wrote his

7

initial report." [#420 at 2]. Medtronic argues that Plaintiff's lack of diligence does not provide grounds for propounding "supplemental" expert opinions months after the discovery cutoff, when the documents were undisputedly provided prior to the deadline for expert disclosures. [#412].

A comparison of Mr. Duncan's original report [#433] with his supplemental report [#411-1] persuades this court that Mr. Duncan's July 31 report constitute supplementation based on corrected information rather than an improper attempt to use Rule 26(e) to include additional opinions or strengthen or bolster existing expert opinions. Indeed, Mr. Duncan's supplemental report decreases the purported market share held by Defendants and length of time of Defendants' purported monopoly. *Compare* [#433] *with* [#411-1]. The court now turns to whether such supplementation was timely.

### B. Timeliness of Lenox's Supplemental Report

Lenox did not serve Mr. Duncan's supplemental report until July 31, 2015. [#396 at 2]. By that time, discovery had already been closed for nearly two months [#271], and the time for filing the Final Pretrial Order had passed. On August 3, 2015, less than a week later, the court held the Final Pretrial Conference in this case. [#391]. Nothing in Chief Judge Krieger's Order directing the Parties to file a revised proposed Final Pretrial Order after considering the original draft during the Final Pretrial Conference suggests that she intended to extend the deadline to comply with Rule 26(a)(3) of the Federal Rules of Civil Procedure. *See Auraria Student Housing*, 2015 WL 72360, at *3 (observing that the court's extension of specified deadlines cannot be construed as implicitly or automatically granting such extension for supplemental expert reports). Therefore, the court concludes that Mr. Duncan's supplemental report is

untimely.

### C. Appropriate Sanction for Untimely Supplementation

As discussed above, Rule 37(c) prohibits a party from using information that was not properly disclosed unless the party can establish that the failure to comply with Rule 26(a)(2) was substantially justified or harmless. Counsel for Plaintiff admitted at oral argument that an employee of his law firm signed for the documents at issue. Therefore, Plaintiff's failure to provide those documents to its expert prior to the deadline for expert disclosures, through negligence or inadvertence, is not substantially justified.

Nevertheless, in applying the *Woodworker's* factors, the court concludes on the record before it that this violation of Rule 26(a)(2) is harmless, to the extent that Plaintiff provides Defendants an opportunity to examine Mr. Duncan on his supplementation. Defendants fail to meaningfully articulate any showing of substantive harm in their multiple filings but rather rely upon conclusory statements. The court is not persuaded that Medtronic now needs to designate any additional expert to address a supplemental report that admittedly does not change the methodology employed by Mr. Duncan. Indeed, Medtronic's expert has already examined the Stryker documents at issue and accounted for them in his opinion. [#411-1 at 4]. Moreover, the resulting supplementation favors Defendants, as it reduces the amount of market share purportedly held by Medtronic, and eliminates a year from the period during which Medtronic purportedly had monopoly power. [*Id.* at 5-6]. And while the court in no way condones Plaintiff's failure to provide the documents to its expert, the court is not persuaded that the loss of Defendants' preferred approach to challenge Mr. Duncan's opinion for failing to account for the Stryker documents or impeach him [#429 at 2], is a sufficient harm to strike Mr. Duncan's

supplemental expert report when Defendants will have an opportunity to cross-examine Mr. Duncan about the changes in his opinion.

Therefore, to ameliorate any harm to Defendants arising from an inability to examine Mr. Duncan through a deposition about his supplemental opinion, the court will **ORDER** that Plaintiff make Mr. Duncan available for a further deposition of not more than 90 minutes no later than November 30, 2015 at the offices of Medtronic's counsel in Austin, Texas. Any costs associated with Mr. Duncan's travel and/or professional fees, will be borne by Plaintiff. Costs associated with counsel will be borne by the respective Parties, and costs associated with taking the deposition (such as the court reporter or videographer) will be borne by Defendants.[3] In addition, Defendants' expert may address any supplemental opinion offered by Mr. Duncan as reflected in his supplemental report or in his deposition, subject to any admissibility or other determinations by Chief Judge Krieger.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave to Supplement the Expert Report of Dwight Duncan [#396] is **GRANTED**, subject to Mr. Duncan being made available for deposition as contemplated herein; and

(2) Motion to Strike Supplemental Expert Report of Dwight Duncan [#412] is **DENIED**, with leave to refile should Mr. Duncan not be made available for deposition as contemplated herein.

---

[3] The Parties are directed to meet and confer regarding Mr. Duncan's availability for deposition, and to the extent that the Parties can agree to an alternative methodology for his deposition, *e.g.*, via video-conferencing or telephone, the Parties may proceed with such alternative without further leave of court.

DATED:  November 5, 2015              BY THE COURT:


                                                    s/ Nina Y. Wang
                                                    United States Magistrate Judge